IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEVRICK GAIL,
    Plaintiff,

v.                                                                  Civil Action No. 3:21cv612

ANTIONETTE IRVING, et al.,
    Defendants.

## MEMORANDUM OPINION

By Memorandum Order entered on October 22, 2021, the Court conditionally docketed this action. At that time, the Court warned the plaintiff that he must provide the Court with his current address if he was transferred, released, or relocated. (ECF No. 4, at 3.) By Memorandum Order entered on April 21, 2022, the Court filed the action. (ECF No. 12.) On April 28, 2022, the United States Postal Service returned the April 21 Memorandum Order to the Court marked, "RETURN TO SENDER" and "NOT AT THIS ADDRESS." (ECF No. 13, at 1.) The plaintiff failed to contact the Court to provide a current address, and by Memorandum Opinion and Order entered on May 23, 2022, the Court dismissed the action without prejudice. (ECF No. 15); *see also* Fed. R. Civ. P. 41(b).

On June 21, 2022, Gail mailed the Court a letter requesting reconsideration of the dismissal of his action. (ECF No. 19, at 4.) The Court deems his request for reconsideration filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (deeming notice of appeal filed at time prisoner delivered it to the prison authorities for mailing). Additionally, the Court will treat the request for reconsideration as one for relief under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008)

(filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Here, the Court finds that relief is warranted in order to prevent manifest injustice.

The Court dismissed the action without prejudice because the plaintiff failed to keep the Court apprised of his current address. In his letter, the plaintiff contends that

> [u]pon being transferred to Nottoway Correctional Center on April 20, 2022, I wrote to this Court indicating I was transferred, and my address had been changed . . . . The Richmond City Jail should have forwarded my mail to Nottoway Correctional Center per policy within 30 days of my transfer. But that did not happen, so I did not receive the letter from the Court dated [April 28, 2022].

(ECF No. 19, at 1–2 (spelling and punctuation corrected).) He requests that "his case be reinstated and that he be allowed to proceed with his [l]awsuit." (*Id.* at 2.) Although the Court never received a letter from the plaintiff updating his address, it appears that he attempted to comply with the Court's orders. Accordingly, the plaintiff's Rule 59(e) Motion, (ECF No. 19), will be GRANTED. The Memorandum Opinion and Order entered on May 23, 2022, will be VACATED. And the Court will continue to process the action.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 26 July 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge