IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEVRICK GAIL,**

    Plaintiff,

v.                                                                                                           Civil Action No. **3:21CV612**

**SHERIFF ANTOINETTE IRVING,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, brings this action. The matter is before the Court on Plaintiff's failure to serve Defendant Miracle and Defendant Hall within the time required by Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Pursuant to Rule 4(m) Plaintiff has 90 days to serve Defendant Miracle and Defendant Hall. Here, that period commenced on August 29, 2022. More than 90 days elapsed, and Plaintiff had not served either Defendant. Accordingly, by Memorandum Order entered on December 2, 2022, the Court directed Plaintiff, within twenty (20) days of the date of entry thereof, to show good cause why the action against Defendant Miracle and Defendant Hall should not be dismissed without prejudice.

Plaintiff has filed a response. (ECF No. 54.) At most, Plaintiff indicates that he "has fulfilled his obligations" because the Court ordered service on Defendants Miracle and Hall. (*Id.*

at 3.) Plaintiff also states that he "does not know anything else about them or how to locate them, "[a]nd because of his imprisonment cannot be reasonably expected to track down or locate Defendants outside of providing Defendants' last address of record." (*Id.* (punctuation corrected).)

Contrary to his suggestion, Plaintiff's incarceration alone is not a valid reason for failing to serve Defendant Miracle and Defendant Hall. *See Hogge v. Stephens*, No. 3:09CV582, 2011 WL 4352268, at *2 (E.D. Va. Sept. 16, 2011) (concluding that incarceration is not good cause or excusable neglect justifying a delay in service of process); *Jones v. City of Va. Beach*, No. 3:09CV754–HEH, 2011 WL 2678833, at *1–2 (E.D. Va. June 30, 2011) (concluding that plaintiff, despite his incarceration, remained responsible for serving defendants in accordance with Rule 4(m)). Rather, "[t]he court can find good cause to extend the service deadline only if the plaintiff made 'reasonable and diligent efforts to effect service' within the [90]-day period." *McCollum v. GENCO Infrastructure Solutions*, No. 3:10–CV–210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (quoting *United States v. Sea Bay Dev. Corp.*, No. 2:06cv624, 2007 WL 1378544, at *5 (E.D. Va. May 8, 2007)). Examples of good cause include situations in which a defendant evaded a plaintiff's attempts to perfect service; where a plaintiff attempted to, but could not, identify a defendant's address; and where there was evidence of settlement discussions between the parties. *Id.* (citing cases).

Plaintiff fails to demonstrate that he made any effort at all to try to obtain an address for Defendant Miracle or Defendant Hall after he learned that both Defendants no longer worked for the Sheriff's Office.[1] Thus, Plaintiff fails to show good cause for his failure to serve Defendant Miracle or Defendant Hall. Furthermore, nothing submitted by Plaintiff gives this Court any

---

[1] Instead, Plaintiff incorrectly suggests that it's the Court's obligation to "locate[] and properly serve[]" Defendants. (ECF No. 54–1, at 1.)

indication that Defendant Miracle of Defendant Hall will be properly served at any time in the future. *Myers v. Schroder*, No. 09-528 (RHK/JJK), 2010 WL 2777483, at *8 (D. Minn. June 4, 2010) (dismissing defendants where plaintiff failed to serve defendants within the older 120 day period and did not suggest means for effecting service in the future); *Greene v. Neven*, No. 3:07–CV–00474–LRH–VPC, 2010 WL 1300903, at *2 (D. Nev. Feb. 10, 2010) (dismissing defendants where plaintiff failed to show good cause existed for a fifteen-month delay in service and failed to show "that he [would] be able to effectuate service . . . at any time in the future."); *see Villeneuve v. Connecticut*, No. 09–13–P–S, 2009 WL 1783540, at *2 (D. Me. June 22, 2009) ("The court cannot countenance the bringing of an action . . . to languish on its docket until some indefinite future date when the plaintiff may actually be able to serve those defendants."). Thus, Plaintiff does not show good cause for his failure to serve Defendant Miracle and Defendant Hall. Accordingly, the claims against Defendant Miracle and Defendant Hall will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 25 January 2023
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge