IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEVRICK GAIL,**

    Plaintiff,

v.                                                                            Civil Action No. **3:21CV612**

**SHERIFF ANTOINETTE IRVING,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Devrick Gail, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds upon Gail's Amended Complaint ("Complaint," ECF No. 5). The matter is before the Court on the Motion to Dismiss filed by Defendants Antionette Irving, Michael C. Ames, and Mr. Pettiway ("Defendants").[2] (ECF No. 35.) Gail has filed a Response, (ECF No. 40), a Motion for Leave to File an Amended Complaint, (ECF No. 49), two Motions to Appoint Counsel, (ECF Nos. 51, 61), and a "Motion for Appeal of Dismissal of Claims against Defendants . . . ," (ECF No. 59.) Gail's motions will be denied, the Motion to Dismiss will be granted, and Gail's claims will be dismissed for failure to state a claim and as legally frivolous. The Motion to Strike and Motion to Quash, (ECF No. 63), will be DENIED as unnecessary.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] By Memorandum Opinion and Order entered on January 25, 2023, the Court dismissed Defendants Miracle and Hall because Gail failed to serve them in a timely manner.

## I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient

to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF GAIL'S ALLEGATIONS

In his Amended Complaint, Gail alleges the following:[3]

> On April 29, 2018, a material witness in the Plaintiff's criminal case by the name of Deondre Wilson visited him at the Richmond City Jail. During the recorded video visitation, Deondre Wilson admitted to lying to the Richmond City Police about Plaintiff's involvement in a murder. Immediately at the conclusion of the visit[], Plaintiff contacted Sgt. Ingram and told her that a witness had just admitted to lying on Plaintiff to get out of jail on recorded visit and that he wanted the video saved. Sgt. Ingram called Internal Affairs and Lieutenant Wendell Miracle answered the telephone. And Sgt. Ingram relayed all the facts to Lieutenant Wendell Miracle and Sgt. Ingram told him to save the recorded video visitation because it was important to Plaintiff['s] criminal case.
> 1. The video recording was material and exculpatory. Lieutenant Wendell Miracle did not pull and save the video recording as he should have by law.
> 2. The recorded video visitation was the Plaintiff['s] only proof that Deondre Wilson fabricated his story to the Richmond City Police implicating Plaintiff in a murder.
> 3. Deondre Wilson was on the Plaintiff['s] keep away or keep separate per the Commonwealth and should not have been allowed to visit the Plaintiff at the Richmond City Jail. But being that he did and Internal Affairs Lt. Wendell Miracle was notified; the video was exculpatory evidence and law enforcement has [an] obligation to preserve any and all evidence in their possession.
> 4. Lieutenant Wendell Miracle testified and Deondre Wilson testified against the Plaintiff at his criminal trial on behalf of the Commonwealth, and by not saving the record[ed] video visit, damaged Plaintiff['s] defense strategy at trial.
> 5. Lieutenant Wendell Miracle is the custodian of record[s] along with Major Michael C. Ames, Captain Pettiway, and Mr. Hall. Their responsibility is to

---

[3] The Court corrects the spelling and punctuation in quotations from the Complaint.

3

monitor inmate's telephone calls and video visits to assist the Commonwealth in criminal prosecution and they should have saved material recorded video visit between Plaintiff and Deondre Wilson.

6. Plaintiff was told that the video was not saved because [of] a glitch and then by the Sheriff Antionette Irving [that] the Richmond City Jail system had been hacked and the computer database or main frame had been compromised and a lot of information was [lost]. But no one provided me with any specific dates. What happened to the recorded video visit.

7. I wrote Major Ames and Captain Pettiway and the Internal Affairs Department multiple grievances and had counsel file [a] subpoena. Major Ames responded no video exist[ed], no log exist[ed], and no log book exist[ed]. Major Ames lies because I have a copy of the log and it indicates that the video was logged and saved at some point.

8. Plaintiff asserts [that] Sheriff Irving is the custodian of monitors/and software used to record video visitation and that Major Michael C. Ames, Captain Pettiway, and Mr. Hall are the custodians of record[s] along with Lt. Miracle who are responsible for the monitors/and software and the preservation of its contents for criminal proceedings. By failing to preserve exculpatory evidence that the Plaintiff requested be saved for trial, the Defendants all caused personal harm to the Plaintiff, and even absent of request the Sheriff's Office as an agency of the Commonwealth must preserve all evidence in its possession.

9. The video recording should have been saved on a backup server, computer malfunctions are not a new occurrence, and the failure of Sheriff Antionette Irving to have a functional storage mechanism in place caused personal harm to the Plaintiff at trial. The material video visit[] should have been available at [trial for Plaintiff] to use in his defense.

(ECF No. 5, at 6–10 (numbering corrected).) Gail to raises the following claim for relief:

Claim One: Defendants "violated his 14th Amendment right to due process by failing to preserve exculpatory video visit of the Plaintiff and Deondre Wilson" and Plaintiff was found guilty of first-degree murder. (*Id.* at 10.)

Gail asks for monetary damages and to make the sheriff "search the hard drive for video" and install a back-up system. (*Id.* at 12.)

### III.   ANALYSIS

Defendants assert that Gail's due process claim is a thinly veiled claim under *Brady v. Maryland*, 373 U.S. 83 (1963), and therefore is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Although Gail states that Defendants violated his due process rights, immediately after the statement of his claim, he cites *Brady v. Maryland*, 373 U.S. 83

4

(1963), and *California v. Trombetta*, 467 U.S. 479 (1984), as the source of legal authority for his claim. (*See* ECF No. 5, at 10.) As discussed below, *Heck* bars Gail's claim whether alleged as a due process violation or pursuant to *Brady*.

### A. *Heck v. Humphrey* Bars Claim One

Defendants contend that Gail's claim is barred by the Supreme Court's decision in *Heck* because the "Amended Complaint makes clear that he is attempting to bring a § 1983 civil suit predicated on alleged *Brady* violations that he claims would, if proven, undermine the validity of his conviction." (ECF No. 36, at 3.) The Court agrees that Gail seeks to impugn and invalidate his criminal convictions. In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful

5

confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

While not explicitly articulated, Gail's general theory of recovery in this § 1983 action is that Defendants violated his rights by failing to preserve evidence that he claims was exculpatory. Gail does not articulate, and the Court does not discern, how he could prevail on this claim and not simultaneously invalidate the fact of his conviction. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 481, 490 (finding claim that prosecutors and investigator had "'knowingly destroyed" evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'" could not be brought under § 1983); *cf. Griffin v. Balt. Police Dep't*, 804 F.3d 692, 695 (4th Cir. 2015) (explaining that "§ 1983 claims predicated on alleged *Brady* violations which would, if proven, necessarily imply the invalidity of [Plaintiff's] convictions" that "have not been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus" under *Heck* "may not be collaterally attacked through § 1983" (citation omitted) (omission in original)); *Mitchell v. Andrews*, No. 3:21CV339, 2022 WL 3702089, at *4 (E.D. Va. Aug. 26, 2022) (finding that no matter the constitutional theory a claim that Defendants "violated his rights by intentionally failing to preserve exculpatory evidence" was barred by *Heck*).

Because success on Claim One necessarily implies that Gail's conviction for first-degree murder is invalid, under the second prong of the *Heck* analysis, Gail must demonstrate a successful

challenge to his conviction. *Heck*, 512 U.S. at 487. Gail makes no such allegations, and the Court's review of the state court records[4] also reveals none. *See id.* at 486–87. Thus, *Heck* bars Claim One. Claim One will be DISMISSED for failure to state a claim and as legally frivolous.[5]

### B. Motion for Leave to File an Amended Complaint

In response to the Motion to Dismiss, Gail filed a Motion for Leave to File an Amended Complaint. (ECF No. 49.) In the attached Proposed Amended Complaint, (ECF No. 49–1), Gail seeks to expand his claim that Defendants violated his "right to due process of law and a fair trial." (*See, e.g., id.* at 3.) Gail also alleges for the first time that Defendants violated his "right to equal protection of the law" with no further explanation. (*See id.*) Leave to amend is appropriately denied where the amendment would be futile. *See United States v. Pittman*, 209 F.3d 314, 417 (4th Cir. 2000). Clearly, any expanded claim that Defendants violated his right to due process by

---

[4] "[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Rollins v. Kjellstrom & Lee, Inc.*, 109 F. Supp. 3d 869, 873 (E.D. Va. 2015) (second alteration in original) (quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006)).
On October 11, 2022, the Court of Appeals of Virginia affirmed Gail's jury convictions of first-degree murder and use of a firearm in the commission of a felony. *See Gail v. Commonwealth*, No. 1327-21-2, 2022 WL 6572208, at *1, 12 (Va. Ct. App. Oct. 11, 2022). In his appeal, Gail complained about Defendants' failure to preserve the video that is the subject of this § 1983 action. *See id.* *5. The Court of Appeals of Virginia noted that the Circuit Court had a hearing on Gail's motion to set aside the verdict in which he raised this claim, and "the Commonwealth emphasized that Wilson's 'jail visit' was not recorded because the jail recording system had malfunctioned on the day in question, that no recordings with any inmates existed, and that one of Gail's former attorneys had even been provided funds to verify the malfunction." *Id.*

[5] Even if Gail's claim was somehow not barred by *Heck*, his underlying claim also lacks merit. Gail alleges that the evidence was not preserved here because of a glitch in the system or due to hacking. "It is only when the 'defendant can show bad faith on the part of the police[] [that] the failure to preserve potentially useful evidence' amounts to the denial of due process." *United States v. Bloodworth*, 412 F. App'x 639, 640 (4th Cir. 2011) (alterations in original) (quoting *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). Gail's allegations clearly show that the failure to preserve the video from the jail was not motivated by bad faith, but by an error or accident. Thus, while a claim pursuant to *Heck* is generally dismissed without prejudice, here, Claim One will be dismissed with prejudice because his claim also lacks merit and is legally frivolous.

7

accidentally failing to maintain allegedly exculpatory evidence would still be barred by *Heck*, and amendment would be futile.

With respect to his equal protection claims, the Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Gail must allege: (1) that he and a comparator inmate were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted). Gail fails to allege either prong of the threshold showing. Instead, Gail's alleged equal protection claim truly continues to argue that Defendants failed to maintain allegedly exculpatory evidence. Accordingly, allowing amendment would be futile.

In sum, because it would be futile to allow Gail to expand or add new claims, the Motion for Leave to File an Amended Complaint, (ECF No. 49), will be DENIED.[6] The Motion to Strike and Motion to Quash, (ECF No. 63), are DENIED as unnecessary.

## IV. OUTSTANDING MOTIONS

Gail has also filed a Motion to Appoint Counsel and a second Motion for Appointment of Counsel. (ECF Nos. 51, 61.) Counsel need not be appointed in § 1983 cases unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This action presents no complex issues or exceptional circumstances. Additionally, Plaintiff's pleadings demonstrate that he is competent to represent

---

[6] On April 19, 2023, Gail submitted a second copy of this Amended Complaint with a summons. (ECF No. 62.) Because the Motion for Leave to File an Amended Complaint will be denied, no need exists for the Clerk to file it.

himself in the action. Accordingly, Plaintiff's motions for the appointment of counsel (ECF Nos. 51, 61) will be DENIED WITHOUT PREJUDICE.

Finally, Gail filed a "Motion for Appeal of Dismissal of Claims against Defendants . . . ." (ECF No. 59.) In this submission, Gail argues that the Court wrongfully dismissed Defendants Miracle and Hall from the action due to Gail's failure to effect service on these Defendants. At most, Gail contends that he believed the Marshal would be serving the Defendants and asks for time to correct his mistake. (*Id.* at 1–2.) As explained in the January 25, 2023, Memorandum Opinion and Order dismissing Defendants Miracle and Hall, Gail fails to show good cause for his failure to serve either Defendant.[7] Accordingly, the "Motion for Appeal of Dismissal of Claims against Defendants . . ." (ECF No. 59) will be DENIED.

---

[7] District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Id.* (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). Gail still fails to show good cause.

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss, (ECF No. 35), will be GRANTED. Claim One and the action will be DISMISSED for failure to state a claim and as legally frivolous. The motions for appointment of counsel, (ECF Nos. 51, 61), will be DENIED WITHOUT PREJUDICE. Gail's remaining motions, (ECF Nos. 49, 59), will be DENIED. The Motion to Strike and Motion to Quash, (ECF No. 63), will be DENIED as unnecessary.

An appropriate Order will accompany this Memorandum Opinion.

Date: 1 May 2023
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

10